UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MATTHEW J. MUSE, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 4:22-cv-00013 |
| CENTRAL BILLING, LLC d/b/a CENTRAL FISCAL SERVICE, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes MATTHEW J. MUSE ("Plaintiff"), by and through his undersigned attorney, complaining as to the conduct of CENTRAL BILLING, LLC d/b/a CENTRAL FISCAL SERVICE, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.,* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Indiana and a substantial portion of the events or omissions giving rise to these claims occurred within the Northern District of Indiana.

### PARTIES

1

4. Plaintiff is a consumer over 18 years-of-age residing within the Northern District of Indiana.

5. Defendant is a corporation engaged in the business of collecting or attempting to collect, directly or indirectly, debts owed or due using the mail and telephone from consumers across the country, including consumers in the state of Indiana. Defendant is a corporation organized under the laws of the state of California with its principal place of business located at 119 N. Fairfax Avenue, Suite 627, Los Angeles, California 90036.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempts to collect upon past due amounts ("subject debt") alleged to be owed by Plaintiff in relation to a magazine subscription account originally owed to SC, Inc.

8. Upon information and belief, after Plaintiff's purported default on the subject debt, the subject debt was charged off and turned over to Defendant for collection purposes.

9. In or around December of 2021, Plaintiff began receiving calls to his cellular phone, (336) XXX-6787, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -6787. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Defendant has primarily used the phone numbers (213) 349-7533 and (213) 340-6066 when placing phone calls to Plaintiff's cellular phone, but upon belief, Defendant has used other phone numbers as well.

12. Upon information and belief, the above aforementioned phone number is regularly utilized by Defendant during its debt collection activity.

13. Plaintiff, through his contacts with Defendant, was informed that Defendant was acting as a debt collector attempting to collect upon the subject debt.

14. Upon speaking to Defendant, Plaintiff advised Defendant that he did not recognize the subject debt, does not believe he owes the subject debt, and requested that Defendant provide proof that the subject debt belongs to him.

15. Defendant responded to Plaintiff's request by telling him to have his attorney contact them and falsely stated that they are not required to provide proof of the subject debt.

16. In or around January 3, 2022, Plaintiff returned one of Defendant's collection calls to his cellular phone and again advised Defendant that he did not owe the subject debt, he never ordered any magazines, and demanded that Defendant cease calling his cellular phone.

17. Defendant willfully ignored Plaintiff's pleas and continued placing phone calls to Plaintiff's cellular phone seeking payment on the subject debt.

18. Furthermore, Defendant has reported the subject debt on Plaintiff's credit report(s).

19. Despite Plaintiff's efforts and demands for the collection calls to cease, Defendant has continued to place collection phone calls to Plaintiff's cellular phone.

20. Plaintiff has received multiple phone calls from Defendant since asking it to stop calling.

21. Frustrated over Defendant's conduct, Plaintiff spoke with his undersigned attorney regarding his rights, resulting in exhausting time and resources.

22. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

23. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

28. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA §1692c(a)(1) and §1692d**

29. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring

or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

30. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop. Defendant called Plaintiff multiple times after he disputed owing the subject debt and demanded that it stop calling his cellular phone. This repeated behavior of systematically calling Plaintiff's cellular phone in spite of Plaintiff's demands and financial situation was harassing and abusive. The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

31. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

### b. Violations of FDCPA § 1692e

32. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

34. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting him Defendant continued to contact Plaintiff. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force him to answer its calls and ultimately make a payment. Through its conduct, Defendant

5

misleadingly represented to Plaintiff that it had the legal ability to contact him when it no longer had consent to do so.

35. Defendant further violated § 1692e and e(10) when it deceptively refused to provide information to Plaintiff regarding the subject debt. Plaintiff requested proof of the subject debt, however, Defendant advised that it had no obligation to provide proof of the subject debt.

### c. Violations of FDCPA § 1692f

36. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

37. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously calling Plaintiff numerous times after being notified to stop. Attempting to coerce Plaintiff into payment by placing repeated phone calls without his permission is unfair and unconscionable behavior. Furthermore, Defendant refused to provide Plaintiff with proof of the subject debt, despite Plaintiff explaining that he did not recognize the subject debt and requested proof that the debt belonged to him. These means employed by Defendant only served to worry and confuse Plaintiff.

38. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, MATTHEW J. MUSE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 28, 2022

Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com